**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 02-7027**

─────────────

WILLIAM BATES,

                                    Petitioner - Appellant,

        versus

JAMES V. PEGUESE,

                                    Respondent - Appellee.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (CA-01-
3019-AMD)

─────────────

Submitted:  September 19, 2002      Decided:  September 30, 2002

─────────────

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

William Bates, Appellant Pro Se.  John Joseph Curran, Jr., Attorney
General, Ann Norman Bosse, OFFICE OF THE ATTORNEY GENERAL OF
MARYLAND, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Bates seeks to appeal the district court's order dismissing his § 2254 petition. We dismiss the appeal for lack of jurisdiction because Bates's notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on April 29, 2002. Bates's notice of appeal was filed on June 17, 2002.[*] Because Bates failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).